UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HELEN KRUKAS, <br>     Plaintiff, <br> v. <br> AARP, INC., AARP SERVICES INC., and AARP INSURANCE PLAN, <br>     Defendants. | Civil Action No. 1:18-cv-01124-BAH <br> Chief Judge Beryl A. Howell |

## STIPULATED PROTECTIVE ORDER

WHEREAS during the course of the above-captioned action (the "Litigation"), Plaintiff Helen Krukas and Defendants AARP, Inc., AARP Services Inc. and AARP Insurance Plan (singularly, a "party," and together, the "parties,") and certain non-parties may be subject to discovery requests and/or proceedings which seek the disclosure of information which the party or non-party to whom the request is directed considers to be confidential and/or proprietary; and

WHEREAS the parties wish to preserve the confidentiality of such information through the use of a Protective Order; and

WHEREAS the parties have a legitimate interest in maintaining the confidentiality of the categories of confidential and/or proprietary information which the parties may exchange;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Protective Order shall govern the handling of documents, depositions, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and any other information or material, and the contents thereof, produced, given or exchanged by and among the parties and any non-parties to this Litigation(whether by formal process, agreement or otherwise) (together, "Discovery Materials")

in connection with discovery in the Litigation; and good cause appearing for the entry of this Protective Order,

IT IS ORDERED as follows:

1. **Definition of "Confidential Information."** "Confidential" information means information (regardless of form) produced or furnished by a party or non-party in response to any party's discovery request or inquiry, formal or informal, which the designating party reasonably believes in good faith to constitute or contain information that is of the type referred to in Rule 26(c) of the Federal Rules of Civil Procedure, which, for the purpose of this Order, may include trade secrets; customer lists or information; sensitive business or financial information; confidential research, development or commercial information or projections; confidential cost, revenues, pricing, sales, market, marketing, or production data; confidential or private personal information; or any information that a party is obligated to preserve as confidential. Confidential information does not include information that has been disclosed in the public domain.

2. **Definition of "Confidential Health Information."** "Confidential Health Information" means "Protected Health Information," and "Individually Identifiable Health Information," as such terms are defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"). "Confidential Health Information" may include, but is not limited to: (a) medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests that

identify an individual; and (b) notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health Information" if such items identify an individual.

3. **Definition of "Highly Confidential Information."**  "Highly Confidential Information" is proprietary information about business operations and strategies of a producing party that the producing party believes would put it at a competitive or negotiating disadvantage were it disclosed to an entity (a) with which the producing party has or may in the future have an ongoing business relationship or (b) that is a current or prospective business competitor.

4. **Definition of "Protected Information."**  "Protected Information" means any and all material that is "Confidential Information," "Confidential Health Information" and/or "Highly Confidential" as defined in Paragraphs 1-3.

5. **Application of Order.**  This Order governs the handling of all Protected Information, including documents, testimony, and other information (and including all copies, excerpts, and summaries thereof) produced, given or filed during discovery and other proceedings in this action.  The provisions of this Order shall apply to the parties to this action, and any subsequently joined parties or other persons producing or disclosing Protected Information in this action.

6. **Designation of Protected Information.**  Protected Information, as defined in Paragraph 4, may be designated as such by a party in writing, or orally if recorded as part of a deposition or court proceeding by specifying whether the material is "Confidential," "Confidential Health Information" or "Highly Confidential."  Any party or person that produces or gives Protected Information may designate information if the attorney for the producing party or person in good faith determines that the information meets the definitions stated in Paragraphs

1-3. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords extends only to information that is entitled to be treated as confidential under applicable legal principles.

(a) **Designation of Documents.** Documents may be designated by stamping "Confidential," "Confidential Health Information" or "Highly Confidential" on each page or file prior to production. Designated documents shall be used solely for the purposes set forth in Paragraph 7 below and shall be disclosed to only those persons set forth in Paragraph 7 below.

(b) **Designation of Deposition Testimony.** Deposition testimony may be designated, in whole or in part, as "Confidential," "Confidential Health Information" or "Highly Confidential" either (i) by oral designation on the record during the course of the deposition, or (ii) in writing served upon counsel for all parties by noting the page and line numbers designated within twenty-one (21) days after the designating party receives a copy of the final deposition transcript. If deposition testimony is designated, the court reporter shall note in the record the lines in the transcript that have been designated on each page containing such designations. The cover page of a deposition transcript containing any designated portions shall also indicate that it contains portions of testimony subject to this Order. During the time period between the deposition testimony and the deadline to designate such testimony, the deposition testimony in its entirety shall be designated and treated as Confidential Information unless a party requests that the transcript be designated Highly Confidential.

(c) **Inadvertent Failure to Designate and Inadvertent Production of Privileged Information.** The inadvertent failure to designate qualified information does not, standing alone, waive the designating party's right to secure protection under this Order for such information. If material is appropriately designated after the material was initially produced, the

party receiving the information, upon timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order.  Where a party or third party changes the designation of confidentiality under this Order, that party or third party shall promptly furnish the information re-designated in accordance with this Paragraph.  If, prior to receiving notice of a change in designation from non-confidential to confidential, a receiving party discloses such information, that party shall not be penalized in any manner.

Similarly, a disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, or immunity does not, standing alone, waive the privilege or protection over that information.  Pursuant to Federal Rule of Evidence 502(b) and (d), the production of privileged or work product documents, electronically stored information or other information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(b) and (d).  The parties shall act in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) should a producing party assert that privileged or otherwise protected information has been produced.

7. **<u>Use of Designated Information.</u>**  All Protected Information that is produced or provided by a party or third party shall be used only for the purpose of preparing for and conducting the above captioned litigation (including any appeals) and not for any business, other litigation or action, or any other purpose.  For that purpose only, counsel for the parties may disclose such information to: (a) the Court and its support staff; (b) court or deposition reporters and videographers providing services in this litigation; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of

record, to the extent reasonably necessary to render professional services in this litigation; (e) named parties and their corporate affiliates, officers, directors, employers, employees, or agents, but as to agents only to the extent reasonably necessary to render professional services in this litigation; (f) persons who likely have had prior knowledge of the Protected Information; and/or (g) jurors.  In addition, for the purpose of litigating this action, Protected Information may be disclosed to (a) outside experts or consultants retained for the purpose of assisting counsel for the parties in the litigation, (b) employees of third-party contractors providing litigation support services, (c) witnesses, and/or (d) any other persons as to whom the producing party agrees in writing, provided, however, that in all such cases the individual to whom disclosure is to be made has signed a confidentiality agreement, substantially in the form of **Exhibit A** hereto, containing the recital that the signatory has read and understands this Order and agrees to be bound by its terms, which agreement shall be retained by counsel of record for the party making the disclosure and shall not be discoverable.

      a.    **Depositions.**  Nothing contained in this Order shall prevent the use of Protected Information, as defined herein, at depositions, with the appropriate safeguards over use of Protected Information described above. In particular, besides those persons identified above, who can be provided Protected Information pursuant to the terms of the preceding paragraph, and unless otherwise agreed by the parties, a deponent who is not a party or  a present or former officer, director, employee or representative of a party, or is not one of the persons identified in the preceding paragraph, shall not be examined about Protected Information and shall not have Protected Information revealed to him or her unless he or she has been provided with a copy of this Order and has read and signed a confidentiality agreement in the form of Exhibit A.

    b. **Use of Confidential Health Information.**  "Confidential Health Information" may only be accessed by individuals that fall into one of the categories defined in paragraph 7 above.  Deponents and trial witnesses shall not be permitted access to "Confidential Health Information" by internet, wide area network, virtual private network, or other remote access technology.  Unless otherwise ordered by the Court, a Designating Party or Third Party may redact protected health information from any document labeled "Confidential Health Information" that relates to either: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual and which identities the individual or which reasonably could be expected to identify the individual.  The parties agree that the names of individual insurance policyholders, along with premium information and contact information standing alone, do not constitute "Confidential Health Information."

    c. **Use of Highly Confidential Material.**  "Highly Confidential Information" may not be disclosed except in accordance with Paragraphs 3 and 7, but shall be subject to the further limitations on disclosure set forth in this paragraph.  Outside counsel for Plaintiff and Defendants shall maintain "Highly Confidential Material" in the offices of outside counsel, and shall not disclose such material to any non-producing party, including Plaintiff or Defendants, and any of their corporate affiliates, officers, directors, employers or employees.  This includes limiting disclosure during depositions and at trial (subject to any subsequent orders by the Court on trial procedure) to the witness and outside counsel.

  8. **Filing of Protected Information & Portions of the Record to Remain Under Seal.**  All portions of any pleadings, motions, briefs, memoranda, or other documents filed with the Court purporting to reproduce, summarize or paraphrase Protected Information shall be filed

under seal. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

9. **<u>Serving This Protective Order on a Non-Party.</u>**  A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

10. **<u>Duty of Good Faith.</u>**  Each party or non-party that designates information or items for protection under this Order must act in good faith to limit any such designation to specific material that qualifies under the appropriate standards. While mass, indiscriminate, and routinized designations are prohibited, the parties recognize that manually analyzing and designating large numbers of documents one-by-one for confidentiality can be an unduly burdensome task. The parties agree that each party may reasonably rely on metadata information and good-faith searches to designate documents except for documents to be marked as Highly Confidential, which require manual review and designation based on a good faith belief that the materials satisfy the requirements for such designation. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the incorrect designation.

11. **<u>Objections to Designation of Protected Information.</u>**  Whenever a party objects to the treatment of material as Protected Information, it shall inform the designating party in writing of the party's objection.  The parties shall meet and confer in good faith to attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the producing party must apply to the Court by motion within 10 days of the meet and confer for a ruling that the document or transcript shall be designated.  Upon such an application, the party asserting

confidentiality bears the burden to establish the same. After the filing of said Motion and until the Court enters an order, if any, on the material's confidentiality status, the material shall continue to be afforded the treatment described in Paragraphs 1-3 herein.

12.     **Advance Notification of Potential Third Party Disclosures.**  If any person receiving Protected Information covered by this Order (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding to which (s)he or it is a party or is otherwise involved, or (c) is served with any other process by one not a party to this litigation, seeking material designated as Protected Information by another party, the receiving party shall give written notice to the party that designated the material as Protected Information. The receiving party shall not produce any of the Protected Information for a period of at least ten (10) days, or within such lesser time period as ordered by a court, after providing the required notice to the designating party. If, within that period, the designating party gives notice to the receiving party that the designating party opposes production, the receiving party shall not thereafter produce such Protected Information unless otherwise ordered to do so by the Court until such time that the designating party has had the opportunity to obtain a protective order, but shall not be required to withhold production for longer than 60 days. The designating party shall be solely responsible for asserting any objection to the requested production.

13.     **Unauthorized Disclosure of Protected Information.**  If a party receiving Protected Information learns that, by inadvertence or otherwise, (s)he or it has disclosed that Protected Information to any person or in any way not authorized under this Order, that party shall immediately: (a) notify the designating party in writing of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the disclosed Protected Information; and (c) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order.

14. **Disposition of Protected Information at Conclusion of Litigation.**  Within sixty (60) days after the entry of a Judgment or Order terminating this action, including all appeals, and unless the parties agree otherwise, each party shall assemble and either turn over to counsel for the producing party or destroy all documents designated as Protected Information produced by that party, all copies thereof, provided, however, that counsel of record for each party may retain one set of pleadings, documents filed with the Court, depositions, and discovery responses, and may retain any documents and copies thereof which are work product. Said materials are to remain subject to this Order unless such materials have been ordered unsealed by the Court and filed in the public record.

To the extent any copy of Protected Material was stored as digital media, a Receiving Party satisfies its obligations under this provision by deleting the information from its storage location and certifying, upon request from the other party, that either (a) the information will be deleted from backup storage in the due course of business or (b) to the extent backup copies of the data will persist for more than 120 days, the data will not be available to any person within the Receiving Party's organization without efforts by the Information Technology group (or functional equivalent) directed specifically at that data, ensuring for all practical purposes that the data is not available in the absence of a targeted retrieval effort.

15. **No Application to Evidentiary Issues.**  This Order does not apply to the offer of or admission into evidence of Protected Information at trial, nor does it apply for any other purpose under the Federal Rules of Evidence.  Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial.

16. **Modification of Order.**  This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. Nothing in

this Order shall prevent any party from seeking modification of this Order by the Court or from compelling or objecting to discovery that it believes to be otherwise improper for any reason cognizable under the Federal Rules of Civil Procedure or Evidence.

**SO ORDERED this 16th day of July 2019.**

_____
The Honorable Beryl A. Howell
Chief Judge, United States District Court

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| HELEN KRUKAS,<br><br>      Plaintiff,<br><br>  v.<br><br>AARP, INC., AARP SERVICES INC., and AARP INSURANCE PLAN,<br><br>      Defendants. | Civil Action No. 1:18-cv-01124-BAH<br><br>Chief Judge Beryl A. Howell |

**CONFIDENTIALITY AGREEMENT**

    I, _____, have been provided with a copy of the Protective Order dated _____, 201\_ in the above-captioned proceeding. I have read that Order and hereby agree to be bound by all of the limitations regarding disclosure of Protected Information contained in that Order, and I acknowledge that the Order will be enforced by the United States District Court for the District of Columbia.

    I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Date