# Exhibit 63



# Taus, Cebulash & Landau, LLP

80 Maiden Lane, Suite 1204
New York, New York 10038
212-931-0704
www.tcllaw.com

## Firm Resume

**Taus, Cebulash & Landau, LLP** is a litigation firm with a focus in complex antitrust and consumer protection class actions. The firm was founded in 2009 with a few basic guiding principles: we are dedicated to providing the highest quality legal representation to our clients and class members, while working in an environment that inspires collaboration, inventiveness and productivity.

We have extensive knowledge and experience in pharmaceutical and medical device antitrust actions. We currently represent plaintiffs and class members in pharmaceutical antitrust actions including *In re Effexor XR Direct Purchaser Antitrust Litigation,* 11-cv-05479 (D.N.J.) (Executive Committee);; *In re Zetia (Ezetimibe) Antitrust Litigation,* 18-md-2836 (E.D. Va.) (Executive Committee); *In re: Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation,* 18-MD-2819 (E.D.N.Y) (Executive Committee); *In re Remicade Antitrust Litigation,* 18-CV-303 (E.D.Pa.); *In re Niaspan Antitrust Litigation,* 13-md-2460 (E.D. Pa.); *In re Lipitor Antitrust Litigation,* 12-cv-2389 (D.N.J.); *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation,* 13-md-2445 (E.D. Pa.); *In re Opana ER Antitrust Litigation,* 14-cv-10151 (N.D. Ill.); and *In re Generic Pharmaceutical Pricing Antitrust Litigation,* 16-md-2724 (E.D. Pa.);. We have also represented classes in recent pharmaceutical antitrust actions in which we and our co-counsel have recovered significant settlements for the class members, including *In re Lidoderm Antitrust Litigation,* 14-md-2521 (N.D. Cal.) (Executive Committee) ($166 million), *In re Solodyn Antitrust Litigation,* 14-md-2503 (D. Mass.) ($72.5 million), and *In re Celebrex Antitrust Litigation,* 14-cv-361 (E.D. Va.) ($94 million). Prior to the founding of Taus, Cebulash & Landau, LLP, our attorneys played a leadership role in cases where hundreds of millions of dollars were recovered for class members.

Additionally, Taus, Cebulash & Landau, LLP and our co-counsel represent or have represented class members in numerous other complex antitrust actions in a variety of industries including *Marchese v. Cablevision Systems Corp., and CSC Holdings, Inc*, 10-cv-02190 (D.N.J.) (Lead Counsel) ($72 million in settlement benefits), *In re Automotive Parts Antitrust Litigation,* 12-md-2311 (E.D. Mich); *In re Disposable Contact Lens Antitrust Litigation,* 15-md-2626 (M.D. Fla.); *In re Broiler Chicken Antitrust Litigation,* 16-cv-08637 (N.D. Ill.); *In Re Dealer Management Systems Antitrust Litigation,* 18-cv-864 (N.D. Ill.); *Universal Delaware Inc. v. Ceridian Corp., et al*, 09-cv-2327 (E.D. Pa.), and *Wallach, et al. v. Eaton, et al.,* 10-cv-260 (D. Del.).

Our attorneys also have significant experience in consumer protection class actions, representing class members in *Esslinger, et. al. v. HSBC,* 10-cv-3213 (E.D. Pa.) (Co-Lead Counsel); *Hasemann et al v. Gerber,* 15-cv-02995 (E.D.N.Y.) (Co-Lead Counsel); *Westrope, et al v. Ringler, et al,* 14-cv-0604 (D.Or.); *Krukas v. AARP, Inc. et al.,* 18-cv-01124 (D.D.C.), *In re Discover Payment Protection Plan Marketing and Sales Practices Litigation,* 10-cv-6994 (N.D. Ill.); *In re Bank of America Credit Protection Marketing and Sales Practices Litigation,* 11-md-02269 (N.D. Cal.) (Executive Committee); *Arnett v. Bank of America,* 11-cv-1372 (D.Or.); and *Scheetz v. JP Morgan Chase,* 12-cv-4113 (S.D.N.Y.). Our attorneys have also previously taken active roles in such cases as *McCoy v. Capital One Bank (USA), N.A. and Capital One Services, L.L.C,* 10-cv-0185 (S.D. Cal.), and *In Re National Arbitration Forum Trade Practices Litigation,* 09-cv-01939 (D. Minn.).

# ATTORNEYS

**BARRY S. TAUS, PARTNER**

Barry S. Taus currently represents plaintiffs and class members in major antitrust class actions including *In re Effexor XR Direct Purchaser Antitrust Litigation;* and; *In re: Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation*, (E.D.N.Y); *In re Opana ER Antitrust Litigation* (N.D. Ill .)

Mr. Taus has also played significant roles in various antitrust class actions that have been successfully resolved, including *Marchese v. Cablevision Systems Corp., et al*. (settled for over $72 million in settlement benefits plus significant injunctive relief) (lead counsel); *Universal Delaware, Inc. v. Ceridian Corp., et al*. (settled for $130 million plus significant injunctive relief); *Castro, et al. v. Sanofi Pasteur, Inc.* (settled for $61 million); *In re Wellbutrin XL Antitrust Litigation* (partially settled for $37.5 million); *In re Skelaxin Antitrust Litigation* (settled for $73 million); *In re Buspirone Antitrust Litigation* (S.D.N.Y.) (settled for $220 million); *In re Relafen Antitrust Litigation* (D. Mass.) (settled for $175 million); and *In re Remeron Antitrust Litigation* (D. N.J.) (settled for $75 million).

Mr. Taus has acted as Lead Counsel or Co-Lead Counsel for classes of direct purchasers in a number of major, complex antitrust litigations, including *In re Cardizem CD Antitrust Litigation* (E.D. Mich.) (settled for $110 million); *In re Terazosin Hydrochloride Antitrust Litigation* (S.D. Fla.) (settled for $75 million); and *In re Tricor Antitrust Litigation* (D. Del.) (settled for $250 million).

As Lead Counsel for the direct purchaser class in the *Tricor* case, Mr. Taus successfully negotiated what was then the largest settlement of any direct purchaser class action alleging impeded generic pharmaceutical competition in the Hatch-Waxman antitrust context ($250 million). Prior to settlement, Mr. Taus was responsible for overseeing all material aspects of the litigation on behalf of the direct purchaser class, including the extensive research leading to the initial complaint, analyzing thousands of pages of discovery documents and taking numerous depositions to marshal evidence to support plaintiffs' theories relating to liability, antitrust impact, causation, monopoly power and class certification, retaining and working closely with numerous experts, and ultimately preparing for and proceeding to trial.

In addition to his antitrust experience, Mr. Taus took a central, active role in numerous stockholder class action and derivative actions. These actions included *Rebenstock v Fruehauf Trailer Corp.; In re Par Pharmaceutical Securities Litigation; In re F&M Distributors, Inc. Securities Litigation; In re Taxable Municipal Bond Litigation; In re Bay Financial Securities Litigation; and Sanders v. Wang, et. al* (resulting in recovery from certain senior executives of stock valued in excess of $225 million for the benefit of Computer Associates). Furthermore, Mr. Taus has successfully played a leading role in various complex consumer class actions, including *Cicarell v. Provident Mutual Life Ins. Co.* (sales practice litigation settled for $45 million) and *Provident Demutualization Litigation* (enjoined demutualization that would have harmed policyholders).

Mr. Taus graduated *cum laude* from the State University of New York at Albany in 1986 with a Bachelor of Science degree in Accounting. Mr. Taus graduated from Brooklyn Law School in 1989, and is admitted to the Bar of the State of New York, as well as the United States District Court for the Southern District of New York and the United States Courts of Appeals for the Second and Eleventh Circuits. He is also a member of the New York State Bar Association and the American Bar Association.

## BRETT CEBULASH, PARTNER

Brett Cebulash focuses his practice on litigating complex class actions designed to remedy class-wide harms caused by unfair, deceptive or anticompetitive practices. Over the course of his 25-year career, Mr. Cebulash has made substantial contributions to complex class cases in the areas of antitrust law (designed to remedy anticompetitive behavior and restore competition), consumer protection law (designed to remedy unfair and deceptive practices in the sale or use of goods and services), employment law (designed to remedy unfair employment practices), and securities law (designed to remedy false and misleading disclosures in the sale of securities).  In recognition of his achievements in complex litigation, Mr. Cebulash has been selected as a New York Metro "Super Lawyer" from 2014-2017 in antitrust litigation. "Super Lawyer" selection results from peer nominations, a "blue ribbon" panel review process and independent research on candidates; no more than 5% of lawyers in the New York metro areas are selected as "Super Lawyers."

Mr. Cebulash has prosecuted complex class matters in a wide range of industries.  For instance, Mr. Cebulash is currently engaged in challenging practices regarding infant formula marketing in *Hasemann v. Gerber* (E.D.N.Y.) (Co-Lead Counsel) and improper imposition of fees by Nassau and Suffolk County in *Guthart v. Nassau County* and *McGrath v. Suffolk County* (N.Y. Sup. Ct.).  As Lead Counsel, Mr. Cebulash was substantially involved in all aspects of *Marchese v. Cablevision* (D.N.J.), a class action challenging Cablevision's tying of subscriptions to interactive services to the rental of set-top boxes exclusively from Cablevision that resulted in a settlement providing in excess of $72 million in settlement benefits and significant injunctive relief to Cablevision subscribers.  In the trucking industry, Mr. Cebulash also has been involved in *Wallach, et al v. Eaton* (D. Del.), a class action challenging exclusive dealing conduct in the market for Class 8 truck transmissions, and *Universal Delaware, Inc. v. Ceridian Corp., et al*. (E.D.Pa.), challenging anticompetitive arrangements with regard to fuel cards.

Mr. Cebulash has litigated many cases that challenge anticompetitive conduct in the healthcare industry.  For example, Mr. Cebulash has been involved in development and prosecution of *In re Asacol Antitrust Litigation* (D. Mass.) and *In re Effexor XR Direct Purchaser Antitrust Litigation* (D.N.J.).  Other examples in the healthcare area include *Natchitoches Parish Hosp. v. Tyco* (D. Mass.), brought on behalf of a class of direct purchasers of sharps containers who were overcharged as a result of Tyco's exclusive dealing conduct, where Mr. Cebulash was responsible for leading all aspects of the case up to summary judgment, including successfully arguing for class certification, defending the opinions of plaintiffs' economists, deposing and successfully challenging opinions of certain of Defendants' experts, leading all discovery efforts and engaging in economic analyses.  In *Neurontin Antitrust Litigation* (D.N.J), Mr. Cebulash was responsible for developing the direct purchaser class action that challenged Pfizer's scheme to delay generic competition for Neurontin, including formulating the contours of Pfizer's overarching scheme and successfully arguing against Pfizer's motion to dismiss.  Mr. Cebulash successfully lead prosecution of *In re Nifedipine Antitrust Litigation* (D.D.C.), which challenged anticompetitive agreements between generic manufacturers of generic Adalat, including leading discovery against Biovail, deposing production and manufacturing experts, working with plaintiffs' experts and preparing successful class certification and summary judgement papers.

In the area of consumer protection, Mr. Cebulash has been prominently involved in cases challenging the practices of banks and insurers in the forced placement of flood insurance.  In *Arnett v. Bank of America* (D. Or.), Mr. Cebulash successfully argued in opposition to Bank of America's motion to dismiss, developed the concept of the lender-servicer distinction (to distinguish the actions of loan servicers from those reserved to the lender/owner of the mortgage to counter servicers'

3

arguments that they were entitled to unfettered discretion under the mortgage to set terms for flood insurance) and engaged in all other aspects of the prosecution of the *Arnett* matter, leading to a settlement providing $31 million in cash for the class as well as significant relief from Bank of America's flood insurance practices.  Mr. Cebulash was involved in the development and prosecution of *Casey and Skinner v. Citibank* (N.D.N.Y), where the court adopted the lender-servicer distinction in denying Citibank's motion to dismiss and which ultimately settled for $110 million in value available to the flood, hazard and wind insurance classes as well as changes to Citibank's insurance practices. In C*lements, Scheetz, et. al. v. JP Morgan Chase* (N.D. Cal.)/(S.D.N.Y.) Mr. Cebulash developed concepts that contributed to reaching a settlement that provided $22.1 million in cash to the class and changes to Chase's force placed flood insurance practices. Mr. Cebulash has litigated cases challenging other insurance-related deceptive practices including *Westrope v. Ringler*, (D. Or.) alleging that structured settlement brokers negligently and illegally sold ELNY annuities and *In re Provident Demutualization,* (Pa. Ct. Comm. Pleas) challenging a demutualization on the basis that it benefitted insiders and executives at the expense of policyholders.

Mr. Cebulash has successfully litigated numerous actions against credit card issuers challenging their deceptive practices with regard to their credit protection products.  Mr. Cebulash was involved in the litigation of *Spinelli, et al v. Capital One*, (M.D. Fla), which included litigating cases in California and Connecticut and negotiating a successful settlement that provided substantial relief to Capital One cardholders.  Mr. Cebulash also litigated actions on behalf of cardholders in *Esslinger v. HSBC*, (E.D. Pa.) (co-lead counsel), *Bank of America Credit Protection Marketing & Sales Practices Litigation* (N.D. Cal.) (executive committee) and *Discover Payment Protection Plan Marketing and Sales Practices Litigation* (N.D. Ill.), successfully providing these classes with over $50 million in total cash relief as well as improvements to credit protection practices.

Mr. Cebulash has also litigated securities class actions, developing theories regarding improper disclosures and improper accounting and revenue recognition methods that lead to successful results in cases such as *F&M Distributors, Inc. Securities Litigation* (E.D. Mich.) *Bank One Securities Litigation* (N.D. Ill.) and *Gutter v. Dupont* (S.D. Fla.).  Mr. Cebulash has also been substantially involved in employment cases such as *Davis v. Kodak* (W.D.N.Y.) and *Diaz v. Electronics Boutique* (W.D.N.Y.)

A graduate of the University of Virginia, Mr. Cebulash received his J.D. *cum laude* from Brooklyn Law School.  He is admitted to the Bar of the States of New York and New Jersey, as well as the United States Courts of Appeals for the First, Third and Ninth Circuits and the United States District Courts for the Southern, Eastern, Western and Northern Districts of New York. He is a member of the New York State Bar Association, Antitrust Section, the New York County Lawyers Association, Public Justice and the Committee to Support Antitrust Laws (COSAL).

**KEVIN LANDAU, PARTNER**

Kevin Landau currently represents plaintiffs and class members in various antitrust and consumer class actions, including *In re Generic Pharmaceutical Pricing Antitrust Litigation,* (E.D. Pa.), an antitrust action alleging price fixing within the generic pharmaceutical industry; *In re Effexor Antitrust Litigation* (D.N.J) and *In Re Zetia Antitrust Litigation* (E.D.Va), antitrust actions alleging that the brand manufacturer delayed less expensive generic drugs from entering the market; *In re Broiler Chicken Antitrust Litigation*, (N.D. Ill.), an antitrust action alleging price-fixing of broiler chickens; *In re Automotive Parts Antitrust Litigation* (E.D. Mich.), an antitrust action alleging price-fixing within the auto parts industry; *Guthart v. Nassau County, et al.* and *McGrath v. Suffolk County et al.* (NYS

Supreme Court), consumer class actions alleging that local governments imposed *ultra vires* administrative fees in connection with red-light camera violations; *Hasemann v. Gerber* (E.D.N.Y.), a consumer protection class action challenging practices regarding infant formula marketing; *Krukas v. AARP* (D.D.C.), a consumer class action alleging that AARP collects an undisclosed commission on sales of its Medigap product;  and, *In re Disposable Contact Lens Antitrust Litigation* (M.D. Fla.), an antitrust class action alleging that lens manufacturers conspired to set minimum pricing on disposable lenses.

In addition to these active cases, Mr. Landau has also represented plaintiffs and class members in various cases which have been successfully resolved, such as, *Marchese v. Cablevision Systems Corp., et al.* (D.N.J.) (antitrust class action settlement providing in excess of $72 million in settlement benefits and significant injunctive relief to Cablevision subscribers who paid inflated prices for their set-top boxes) (lead counsel); *Esslinger, et al. v. HSBC Bank Nevada, N.A.* (E.D. Pa.) ($23.5 million settlement for cardholders in class action) (co-lead counsel); *LiPuma v. American Express* (S.D. Fl.) ($75 million settlement for cardholders in consumer class action) (co-lead counsel); *In Re: Bank of America Credit Protection Marketing & Sales Practices Litigation* (N.D. Cal.) ($20 million settlement for cardholders in consumer class action) (member of executive committee); *In re Discover Payment Protection Plan Marketing and Sales Practices Litigation*, ($10.5 million settlement for cardholders in consumer class action); *Arnett v. Bank of America*, No. 11-cv-1372 (SI) (D. Or.) ($31 million settlement for class challenging lender placed flood insurance practices); *Casey v. Citibank, N.A.*, No. 12-820 (DNH/DEP) (N.D.N.Y.) (settlement providing for $110 million in benefits to class challenging wind, flood and hazard insurance practices); *In re Skelaxin Antitrust Litigation* ($73 million settlement for direct purchasers in antitrust class action), *In re Metoprolol Succinate Antitrust Litigation* (settled for $20 million settlement for direct purchasers in antitrust class action); *Gutter v. Dupont* (S.D. Fl.) ($77.5 million settlement for shareholder class); *In re Cendant Corporation Derivative Litigation* (D.N.J.) ($54 million recovery for the corporation in derivative action); *Giant Eagle, Inc. v. Cephalon, Inc. et al.* (E.D.Pa.) (private settlement in antitrust action alleging that Cephalon paid its generic competitors to stay off the market with their competing generic versions of Provigil); *Westrope v. Ringler* (D.N.J.) (resolving claim of structured settlement annuitants who suffered cuts to their annuity payments as a result of their structured settlement brokers' alleged negligence).

Mr. Landau was recognized in 2014-2020 as a New York Metro "Super Lawyer" in class action litigation.  "Super Lawyer" selection results from peer nominations, a "blue ribbon" panel review process and independent research on candidates; no more than 5% of lawyers in the New York metro areas are selected as "Super Lawyers." He has been an invited as a panelist at American Conference Institute Forums focusing on consumer protection issues.  He is also a member of the Committee to Support Antitrust Laws, an organization dedicated to promoting and supporting the enactment, preservation, and enforcement of a strong body of antitrust laws in the United States, and the Plaintiffs' Class Action Forum, an invitation-only professional group focused on emerging trends in class actions.

Mr. Landau graduated with high honors from Lehigh University in 1993 with a Bachelor of Arts in Government.  Mr. Landau graduated from Brooklyn Law School in 1996, where he was a member of the Brooklyn Law Review.  Mr. Landau is admitted to the Bar of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit, Third Circuit, Eleventh Circuit and D.C. Circuit.  He is also a member of the Association of the Bar of the City of New York, the New York State Bar Association and the American Bar Association.

## ARCHANA TAMOSHUNAS, PARTNER

Archana Tamoshunas focuses her practice on complex class action litigation, including antitrust and consumer protection litigation. Ms. Tamoshunas represents direct purchasers of prescription drugs in federal antitrust actions alleging that pharmaceutical manufacturers have wrongfully prevented or delayed less expensive generic drugs from entering the market. Over her career, Ms. Tamoshunas has been counsel in several complex federal antitrust class actions and specializes in those involving the pharmaceutical and medical device industries. She is active in all aspects of the litigation process including day-to-day management of discovery, briefing, class certification and trial preparation. Ms. Tamoshunas currently represents class members in several pharmaceutical antitrust class actions including, *In re Remicade Antitrust Litigation* (E.D.Pa.); *In re Zetia* (E.D.Va); *In re Niaspan Antitrust Litigation* (E.D. Pa.); and *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation* (E.D. Pa.).

Ms. Tamoshunas has also represented direct purchasers in antitrust cases that have been successfully resolved including *In re Lidoderm Antitrust Litigation* (N.D. Cal.), in which her firm was appointed to the Executive Committee and she was personally involved in management and trial preparation of the case ($166 million settlement); *In re Solodyn Antitrust Litigation* (D. Mass.) ($72.5 million settlement); *In re Skelaxin (Metaxalone) Antitrust Litigation* (E.D. Tenn.) ($73 million settlement), *In re Prandin Direct Purchaser Antitrust Litigation* (E.D. Mich.) (Executive Committee) ($19 million settlement) and *Mylan Pharmaceuticals v. Warner Chilcott* (E.D. Pa.) ($15 million settlement), and was heavily involved in the management of successfully resolved cases including *In re Relafen Antitrust Litigation* (D. Mass.); *In re Terazosin Hydrochloride Antitrust Litigation* (S.D. Fla.) and *Natchitoches Parish Hospital District et al. v. Tyco International, et al.* (D. Mass.).

Ms. Tamoshunas graduated from Williams College (B.A.) and from New York University School of Law, where she was a member of the Moot Court Board and had her case problem published in the New York University School of Law Moot Court Casebook (Vol. 22, 1998). After graduating from law school, Ms. Tamoshunas represented the City of New York in child abuse and neglect cases in Family Court.

Ms. Tamoshunas is admitted to the Bar of the State of New York as well as the Southern and Eastern Districts of New York, the Eastern District of Michigan and the First Circuit Court of Appeals. She is a member of the Antitrust Law Section of the New York State Bar Association.

## MILES GREAVES, PARTNER

Miles Greaves currently represents consumers in a number of antitrust and consumer-protection class actions, including several involving price-fixing allegations, such as *In re Generic Pharmaceutical Pricing Antitrust Litigation* (E.D. Pa.), *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.), *In re Automotive Parts Antitrust Litigation* (E.D. Mich.), and *In re Disposable Contact Lens Antitrust Litigation* (M.D. Fla.). He is responsible for the day-day case management in *Hasemann v. Gerber Products Co.* (E.D.N.Y.), alleging improper marketing practices related to infant formula. He also represents plaintiffs in *McGrath v. Suffolk County et al* (NYS Supreme Court), challenging administrative fees relating to red-light-cameras; and *Wallach v. Eaton Corp.* (E.D. Pa.), alleging anticompetitive practices relating to truck transmissions. Mr. Greaves has played a role in several antitrust class actions alleging that brand-name pharmaceutical manufacturers inhibited the introduction of generic drugs, such as *In re Effexor XR Antitrust Litigation* (D.N.J.), *In re Lidoderm*

*Antitrust Litigation* (N.D. Cal.), *In re Niaspan Antitrust Litigation* (E.D. Pa.), *In re Solodyn Antitrust Litigation* (D. Mass.), *In re Celebrex Antitrust Litigation* (E.D. Va.), and *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation* (E.D. Pa.).

In addition to these ongoing actions, Mr. Greaves has represented plaintiffs and class members in a number of cases that have been successfully resolved, including *Arnett v. Bank of America, N.A.* (D. Or.), *Scheetz v. JPMorgan Chase Bank, N.A.* (S.D.N.Y.), *Marchese v. Cablevision Systems Corp.* (D.N.J.), *Westrope v. Ringler Associates Inc.* (D. Or.), *Universal Delaware, Inc. v. Ceridian Corp., et al.* (E.D. Pa.), *In re Prandin Direct Purchasers Antitrust Litigation* (E.D. Mich.), and *In re Skelaxin (Metaxalone) Antitrust Litigation* (E.D. Tenn.).

Mr. Greaves graduated *summa cum laude*, with honors, from the State University of New York at Albany in 2004, with a Bachelor of Arts in English. He graduated *cum laude* from Brooklyn Law School in 2012. Mr. Greaves is admitted to the Bar of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York.

## **EVAN ROSIN, ASSOCIATE**

Mr. Rosin began his career litigating auto, civil rights, premises, and general liability matters. Since his transition to antitrust litigation, he has been focused primarily on the discovery phase of complex consumer class actions involving an array of anticompetitive practices such as price-fixing, exclusive dealing, market allocation, and other unlawful monopolistic conduct.  Mr. Rosin has worked on cases across multiple industries including contact lenses (*In re Disposable Contact Lens* (M.D. Fla.)), single-serve coffee (*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* (S.D.N.Y)), pharmaceuticals (*In re Generic Pharmaceutical Pricing Antitrust Litigation*) (E.D.Pa.)), and dealer management system and data integration services (*In re Dealer Management Systems Antitrust Litigation* (N.D. Ill.)).

Mr. Rosin graduated *magna cum laude*, with honors, from the University of Michigan in 2009, with a Bachelor of Arts in Political Science.  He also earned the Residential College Commendation and Certificat d'Etudes Politiques.  Mr. Rosin graduated from Brooklyn Law School in 2013, where he was an editor for the *Brooklyn Journal of International Law* and member of the Phi Delta Phi Legal Honor Society.  While at Brooklyn Law, he interned for and actively contributed to the Brooklyn Law School Community Development Clinic.  Mr. Rosin is admitted to the Bar in New York and Michigan. He joined the firm full-time in 2018.