# Exhibit 66

# DISTRICT OF COLUMBIA

"Consumer Procedures and Protection Act—Unlawful Practices—Misrepresentation," 1 Civil
Jury Instructions for D.C. § 20.11

## *1 Civil Jury Instructions for DC § 20.11*

***Standardized Civil Jury Instructions for the District of Columbia*** > *CHAPTER 20 FRAUD AND MISREPRESENTATION*

# § 20.11CONSUMER PROCEDURES AND PROTECTION ACT—UNLAWFUL PRACTICES—MISREPRESENTATION

**[1] Instruction 20-11 (Proposed)**

**Consumer Protection Act—Misrepresentation (D.C. Std. Civ. Jury Instr. No. 20-11)**
**The District of Columbia Consumer Procedures and Protection Act makes it unlawful to commit certain unfair or deceptive practices in dealings with consumers. The plaintiff [name] has alleged that the defendant [name] has violated that law by engaging in an unfair or deceptive act or practice, and that by doing so violated [the rights of [the plaintiff] [name]] or caused [the plaintiff] [name] to incur damages. [*Liability Determination*]**
**In this case, [the plaintiff] [name] contends the following act or practice was unfair or deceptive:**
**[(set forth the alleged violation's facts)]**
**You must evaluate whether the alleged act or practice was unfair or deceptive from the viewpoint of a reasonable consumer.**
**You must find in favor of [the plaintiff] [name] concerning that allegation if you find three elements to be true by clear and convincing evidence.**
**First, you must decide whether or not [Defendant] [name]:**
**{[represented] [made statements] that [the goods] [the services] [the (specifically described good or services)] have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not actually have}**
**{[represented] [made statements] that [the defendant] [name] has a sponsorship, approval, status, affiliation, certification, or connection that [he] [she] [it] does not actually have}**
**{[represented] [made statements] that [the goods] [the (specially described goods)] are original or new if in fact they are deteriorated, altered, reconditioned, reclaimed, or second hand, or have been used}**
**{[represented] [made statements] that [the goods] [the services] [(the (specifically described goods or services)] are of particular standard, quality, grade, style, or model, if in fact they are of another}**
**{[misrepresented] [made an untrue statement about] a material fact in a way that had a tendency to mislead [the hearer] [the reader] [(name of plaintiff)]}**
**In this context, a fact would be a "material fact" if a reasonable person would consider it important in deciding whether to engage in the transaction; also, a fact would be a "material fact" if the person who states the fact knows or has reason to know the fact is one a reasonable person would consider important in deciding whether to engage in the transaction}**
**{[represented] [made a statement saying] that a transaction confers or involves rights, remedies, or obligations which in fact the transaction does not have or involve, or which are prohibited by law}**
**{failed to state a material fact if such failure would tend to mislead a [reasonable consumer] [reasonable person].**
**In this context, a fact would be a "material fact" if a reasonable person would consider it important in deciding whether to engage in the transaction; also, a fact would be a "material fact" if the person who states the fact knows or has reason to know the fact is one a reasonable person would consider important in deciding whether to engage in the transaction}**
**{used innuendo or ambiguity about a material fact, which would tend to mislead [a reasonable consumer] [a reasonable person].**

In this context, a fact would be a "material fact" if a reasonable person would consider it important in deciding whether to engage in the transaction; also, a fact would be a "material fact" if the person who states the fact knows or has reason to know the fact is one a reasonable person would consider important in deciding whether to engage in the transaction}

{made false or misleading [representations] [statements] of fact concerning the reasons for, existence of, or amounts of price reductions, or the price in comparison to price of competitors or one's own price at a past or future time}

{falsely stated that services, replacements, or repairs are needed}

{falsely stated the reasons for offering or supplying [goods] [services] [(specifically describe the goods or services)] at sale or discount prices}

{falsely stated or represented that repairs, alterations, modifications, or servicing had been made and receiving [remuneration therefor] [payment for them] when they have not been made}

{passed off goods or services as those [of] [made by] another [person] [entity] [company]}

{used deceptive representations or designations of geographic origin in connection with goods or services}

{[represented] [made statements] that the subject of a transaction had been supplied in accordance with a previous representation when it had not}

{[misrepresented] [made an untrue statement about] the authority of a salesman, representative or agent to negotiate the final terms of a transaction}

**Second**, if you find [Defendant] [name] did [make the statement] [make the false statement] [make the misleading statement] [fail to state a material fact], then you must decide whether or not [Defendant] [name] did so [in the conduct of] [in connection with] [while conducting] trade or commerce.

**Third**, if you find the first two elements occurred, then you must decide whether [the defendant's] [(name)] conduct harmed the [plaintiff] [(name)] in at least one of these two ways: (1) by violating [the plaintiff's] [name's] legal right to truthful and non-misleading information; or (2) by causing [the plaintiff] [name] to incur actual loss of money or property.

If you find all three elements have been shown true by clear and convincing evidence, then you must return a verdict for [the plaintiff] [(plaintiff's name)] on this allegation.

If you find that one or more elements has not been shown by clear and convincing evidence, then you must return a verdict for the [the defendant] [(defendant's name)] on this allegation.

[*Compensatory Damages Determination*]

If you find that [the defendant] [(defendant's name)] committed the alleged violation, then you must consider whether [the plaintiff] [(plaintiff's name)] incurred actual loss of money or property as a result.

[*Punitive Damages Determination*]

[Plaintiff] [(Plaintiff's name)] has requested punitive damages be imposed upon [the defendant] [(defendant's name)] for committing an unfair business practice. If you find that [the defendant] [(defendant's name)] committed the alleged violation, then you must decide whether to impose punitive damages.

---

**Authorities and Commentary**

**Predecessor:** (None.)

**Statutes:** D.C. Code §§ 28-3901, 28-3904, 28-3905 (2013).

**Cases:** Grayson v. AT&T Corp., 15 A.3d 219, 244–245, 248–49, 250–251 (D.C. 2011) (en banc); Floyd v. Bank of Am. Corp., 70 A.3d 246, 251 (D.C. 2013); Saucier v. Countrywide Home Loans, 64 A.3d 428, 442, 444 (D.C. 2013); Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1073 (D.C. 2008); Pearson v. Soo Chung, 961 A.2d 1067, 1074–1076 (D.C. 2008); Dist. Cablevision Ltd. P'shp v. Bassin, 828 A.2d 714, 726 (D.C. 2003); Osbourne v. Capital City Mortg. Corp., 727 A.2d 322, 326 (D.C. 1999).

**[2] Comment**

This Instruction is deemed "proposed" because it is new and additional comment from the bench and bar may be forthcoming.

The substantive text of the liability portion of this Instruction is drawn from the language of the statute, Consumer Protection Procedures Act ("CPPA"), *D.C. Code section 28-3904*, defining certain actionable consumer protection rights to accurate information about products and services. Delimited by braces {} are the individual rights that the statute defines. The Instruction should be tailored therefore by selecting the individual rights that are in issue as framed by the pleadings, the parties' pretrial statement, and ultimately any pretrial order defining the issues for jury trial.

Items in brackets [] are to be tailored according to the facts of the case and the court's choice of language to employ. Using the more technical statutory language may result in lower jury comprehension, so less technical language options for some terms are suggested in brackets [*see* William W. Schwarzer, *Communicating With Juries: Problems and Remedies*, 69 Cal. L. Rev. 731 (1981); Peter Tiersma, *The Rocky Road to Legal Reform: Improving the Language of Jury Instructions*, *66 Brook. L. Rev. 1081 (2001)*; Peter M. Tiersma, *Communicating with Juries: How to Draft More Understandable Instructions*, *10 Scribes J. Leg. Writing 1 (2005)*].

Note that *D.C. Code section 28-3904* defines other actionable consumer protection rights for which this Instruction would not apply.

**Liability Without Proof of Actual Harm**

The third phase of this Instruction's liability portion calls for analyzing whether the defendant's conduct caused a legally recognized "injury in fact." Under the precedents, an "injury in fact" under the CPPA is either the plaintiff's actual damages or the violation of the plaintiff's right to truthful and non-misleading information [*Grayson v. AT&T Corp., 15 A.3d 219, 244–245, 248–249 (D.C. 2011)* (en banc); *Floyd v. Bank of Am. Corp., 70 A.3d 246, 251 (D.C. 2013)*]. Also under the CPPA, the plaintiff is not required to prove he or she was actually misled [*Grayson v. AT&T Corp., 15 A.3d 219, 250–251 n.101 (D.C. 2011)* (en banc)]. It is conceivable a plaintiff could bring a CPPA action seeking the minimum statutory damages of $1,500 and injunctive relief without pleading or proving any actual damages; in such a case, the damages portion of this Instruction would not be given.

Because a plaintiff may prevail in a CPPA action upon a jury finding of liability without a finding of actual damages, a special verdict form or jury interrogatories would ensure that both the liability issue and the damages issue are separately considered and the decisions on each issue expressly reported.

**Evidentiary Standard of Proof of Liability**

This Instruction employs the "clear and convincing evidence" standard of proof for violations of the CPPA, *D.C. Code section 28-3904*. The heightened standard of proof was stated initially in *Osbourne v. Capital City Mortg. Corp., 727 A.2d 322, 326 (D.C. 1999)*, as applying to claims of intentional misrepresentation under the CPPA. Although the CPPA was amended in 2000, the holding of *Osbourne* and the standard of proof have been expressly reaffirmed [*Caulfield v. Stark, 893 A.2d 970, 976 (D.C. 2006)*; *Pearson v. Soo Chung, 961 A.2d 1067, 1074 n.7, 1076 n.10 (D.C. 2008)*]. The *Pearson* decision observed that both common law fraud and "[v]iolations of the CPPA must be proven by clear and convincing evidence" [*Pearson v. Soo Chung, 961 A.2d 1067, 1074 (D.C. 2008)*].

In *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1073 (D.C. 2008)*, the Court of Appeals held consumer violations under *D.C. Code section 28-3904(e)* and *(f)* constitute "simple" misrepresentations of material facts that tend to mislead and simple "failures" to state materials facts in ways that tend to mislead, respectively. The *Fort Lincoln* court held that a plaintiff alleging violations under either subsection need not prove that the misrepresentation or failure was intentional [*Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1073 (D.C. 2008)*]. Notably, the *Fort Lincoln* decision reiterated *Osbourne*'s holding, that CPPA violations must be proved by clear and convincing evidence, in a footnote paragraph that distinguished intentional conduct claims from unintentional conduct claims under CPPA [*Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1073 n.21 (D.C. 2008)*]. Evidently the *Fort*

1 Civil Jury Instructions for DC § 20.11

*Lincoln* court was well aware of the "clear and convincing evidence" standard of proof that applies to the CPPA, regardless of whether the plaintiff's claim alleged intentional or unintentional violations.

Another footnote in *Fort Lincoln* may partially explain why the court did not address or change the standard of proof for CPPA violations. In footnote 20, the *Fort Lincoln* decision implied that the omission of an intent element from the CPPA, as in other "State consumer protection statutes," was "intended to overcome the pleadings problem associated with common law fraud claims by eliminating the requirement of proving certain elements such as intent to deceive and scienter" [*Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1073 n.20 (D.C. 2008)* (citations omitted)].

The *Fort Lincoln* court apparently balanced the plaintiff's needing to satisfy fewer elements to prove a CPPA violation, against the heightened standard of proof to establish a defendant's liability under the CPPA. The higher standard of proof helps assure the CPPA is not applied as a strict liability statute that penalizes a defendant business for a totally unintentional or highly debatable instance. The clear and convincing evidence standard helps protect defendants from liability for statutory penalties for alleged rights violations where the actual damages are minimal and the jury views the evidence of misconduct as one scintilla over "equipoise" [*Pearson v. Soo Chung, 961 A.2d 1067, 1076 n.10 (D.C. 2008)].*

Another rationale exists to apply the clear and convincing evidence standard to CPPA violations even when proof of intent is not required. Under the CPPA, *D.C. Code section 28-3905(k)(1)*, as amended in 2000, a defendant found liable of any "trade practice violation" can be required to pay the greater of treble damages or $1,500 per violation, punitive damages, and attorneys' fees, as well as be liable for "other relief." A defendant can be held liable for *both* treble damages *and* punitive damages, as well as attorneys' fees, for a CPPA violation [*Dist. Cablevision Ltd. P'shp v. Bassin, 828 A.2d 714, 728 (D.C. 2003)].* But to obtain an award of punitive damages under D.C. law, a plaintiff must prove elements such as "evil motive," "intent to injury," "willful disregard for rights," as well as defendant's conduct being "outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff"—and must prove those elements by clear and convincing evidence [*Dist. Cablevision Ltd. P'shp v. Bassin, 828 A.2d 714, 726 n.15 (D.C. 2003)* (*citing* § 16.01 (Jury Instruction 16-1))].

Apparently the Court of Appeals has retained the "clear and convincing evidence" standard for CPPA violations, whether they might be characterized as "intentional" or "unintentional," so that D.C. law retains a coherent legal standard for awarding punitive damages. If an unintentional CPPA violation could be established by a preponderance of evidence only, then on the face of the statute juries could award punitive damages under the CPPA statute for conduct that was not intentional, not egregious, not outrageous, and not grossly fraudulent. In *District Cablevision Limited Partnership*, the court expressly held a CPPA plaintiff, to obtain a punitive damages award, "must prove egregious conduct and the requisite mental state by clear and convincing evidence … the usual conditions for awarding punitive damages [must] not be waived" [*Dist. Cablevision Ltd. P'shp v. Bassin, 828 A.2d 714, 726 (D.C. 2003)* (footnote and citations omitted)].

When the en banc Court of Appeals examined a CPPA case in *Grayson v. AT&T Corp., 15 A.3d 219 (D.C. 2011)*, the court confirmed that a plaintiff bringing a CPPA case under *D.C. Code section 28-3904(e)* and *(f)* need not prove intentional misrepresentation or intentional failure to disclose, respectively [*Grayson v. AT&T Corp., 15 A.3d 219, 251 (D.C. 2011)* (en banc)]. Although the *Grayson* decision extensively analyzed the legislative intent of the CPPA as amended, the decision nowhere mentioned the evidentiary standard of proof for any part of the CPPA. Presumably the standard of proof was either not before the court or not disputed enough to warrant a comment even in dicta.

Arguably, a CPPA complaint could allege violations under *D.C. Code sections 28-3904(e)* and *(f)* that were unintentional and thus akin to "negligent misrepresentation" [*see Weisblatt v. Minnesota Mut. Life Ins. Co., 4 F. Supp. 2d 371, 377 (E.D. Pa. 1998)*, noting that under Pennsylvania's unfair trade and consumer protection statutes, "fraudulent" violations must be proved by clear and convincing evidence, while "negligent misrepresentation and non-fraudulent violations" require proof by a preponderance of evidence; *Brock Bridge Ltd. Pshp. v. Development Facilitators, 114 Md. App. 144, 160, 689 A.2d 622 (1997)* (stating negligent misrepresentation must be proved by a preponderance of evidence)]. Such a complaint alleging only unintentional conduct could seek treble damages and attorneys' fees but not punitive damages. Torts sounding in negligence are decided using the preponderance of evidence standard [*see § 5.01* (Jury Instruction 5-1); *Holmes v. Amerex Rent-a-Car, 710 A.2d 846, 849 (D.C. 1998)* (noting torts generally require proof by a preponderance of evidence standard)]. Treble damages available under the CPPA are remedial, not punitive,

1 Civil Jury Instructions for DC § 20.11

so the clear and convincing evidence standard would not necessarily have to be applied [*see Dist. Cablevision Ltd. P'shp v. Bassin, 828 A.2d 714, 728–729 (D.C. 2003)* (holding CPPA's treble damages provision is "remedial")].

A CPPA complaint could however plead intentional and unintentional CPPA violations either additively or in the alternative, and thus plead the same violations both seeking punitive damages and not seeking punitive damages. Were such a case brought to a jury with all of the additive and alternative CPAA theories to be decided, the resulting jury instructions would present a nearly incomprehensible maze of if-then-else decisions using differing standards of proof for both liability and damages. The problem could be moderated by bifurcating the trial into a liability portion with jury verdict and a punitive damages portion with separate verdict [*see Jonathan Woodner Co. v. Breeden, 665 A.2d 929, 941 n.19 (D.C. 1995)* (noting with approval the bifurcation of compensatory and punitive damages portions of the trial; *Stanford Hotels Corp. v. Potomac Creek Assocs., L.P., 18 A.3d 725, 727 (D.C. 2011)* (bench trial; bifurcation of liability and remedy phases)]. Even so, the varying standards of proof, applying to the same and related facts and legal theories, could still present confusion that would endanger the legislative intent for the CPPA to "assure that *a just mechanism exists* to remedy all improper trade practices" [*D.C. Code section 28-3901(b)(1)* (emphasis added)]. The Court of Appeals' precedents to date avoid these potential problems of jury confusion by leaving in place the "clear and convincing evidence" standard applicable to all CPPA causes of action.

### Reasonable Consumer Standard

The term "reasonable consumer" appearing in this Instruction is drawn from D.C. precedents. In *Pearson v. Soo Chung, 961 A.2d 1067, 1075 (D.C. 2008)*, the Court of Appeals held "a claim of an unfair trade practice is properly considered in terms of how the practice would be viewed and understood by a reasonable consumer." In *Grayson v. AT&T Corp., 15 A.3d 219, 251 n.104 (D.C. 2011)* (en banc), the court reiterated *Pearson*'s holding and applied the "reasonable consumer" standard to another CPPA case. In *Saucier v. Countrywide Home Loans, 64 A.3d 428, 442 (D.C. 2013)*, the court followed *Pearson* to hold the "tendency to mislead" language in *D.C. Code section 28-3904(e)* (misrepresentation of material fact) and (f) (failure to disclose material fact) makes "tendency to mislead" a question of fact to be evaluated by the jury from the perspective of a "reasonable consumer."

### Definition of Material Fact

The definition of "material fact" presented in this Instruction is drawn from *Saucier v. Countrywide Home Loans, 64 A.3d 428, 444 (D.C. 2013)*, where the court quoted and cited Restatement (Second) of Torts § 538(2) (1965) as the appropriate definition. The issue of materiality ordinarily presents a question of fact [*Saucier v. Countrywide Home Loans, 64 A.3d 428, 442, 445 (D.C. 2013)*].

### Compensatory Damages Instruction

Under the CPPA, *D.C. Code section 28-3905(k)(1)*, a prevailing plaintiff may receive one or more of the following elements of relief: treble damages, or $1,500 per violation, whichever is greater; reasonable attorney's fees; punitive damages; an injunction against the use of the unlawful trade practice; in representative actions, additional relief as may be necessary to restore to the consumer any real or personal property (including any money) that the defendant acquired by means of the unlawful trade practice; or any other relief that the court deems proper.

When the amount of damages is at issue, the jury determines the damages amount. Instruction 13-1 of this volume supplies language appropriate to deciding the compensatory damages question. The compensatory damages instruction would need to be tailored to the elements of damages for which there is evidence presented at trial [*Wingfield v. Peoples Drug Store, Inc., 379 A.2d 685, 688 (D.C. 1977)* (a party is entitled to an instruction on any theory of damages supported by the evidence); *Ivey v. District of Columbia, 46 A.3d 1101, 1109 n.5 (D.C. 2012)* (noting that standardized instructions should be amended to reflect the application of the law in a given case, citing *Speed v. United States, 562 A.2d 124, 128 (D.C. 1989)*].

The jury should be instructed to determine the amount of damages, if any; the jury should not be told that the damages amount would be trebled [*see Webster Motor Car Co. v. Packard Motor Car Co., 135 F. Supp. 4, 11* (D.D.C. 1955, *rev'd on other grounds*, *243 F.2d 418*; *100 U.S. App. D.C. 161 (1957)* (district court holding in an

anti-trust matter "[t]here was no reason for informing the jury that whatever damages they would award would be trebled, because this is a matter solely for the court"); *Cook County v. United States ex rel. Chandler, 538 U.S. 119, 132, 123 S. Ct. 1239, 155 L. Ed. 2d 247 (2003)* (noting under the federal False Claims Act, if the jury "finds liability, its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier"); *Brooks v. Cook, 938 F.2d 1048, 1052 (9th Cir. 1991)* ("The majority rule is that it is error for a court to instruct a jury that it will subsequently treble any damages the jury awards"); *King v. Grecco, 111 S.W.3d 877, 882–883 (Ky. Ct. App. 2002)* (holding in anti-trust matter "it is not for the jury to determine the amount of a judgment. Its function is to compute the amount of damages" with trebling done by the trial court "without interference from the jury." "The fact that the awarded amount will be tripled has no relevance in determining the [plaintiff's injury]"); *Pollock & Riley, Inc. v. Pearl Brewing Co., 498 F.2d 1240, 1243 (5th Cir. 1974)* ("informing a jury [of trebling] would serve no useful function and its probable consequence would be harmful—an impermissible lowering of the amount of damages"); *Semke v. Enid Auto. Dealers Asso., 456 F.2d 1361, 1370 (10th Cir. 1972)* (same rule and rationale); *Liquid Air Corp. v. Rogers, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987)* (same)].

**Punitive Damages Instruction**

Under the CPPA, *D.C. Code section 28-3905(k)(1)*, a prevailing plaintiff may request and receive punitive damages for a violation. Plaintiff is entitled to jury instructions on punitive damages if the trial evidence could support awarding them [*Parker v. Stein, 557 A.2d 1319, 1321–1322 n.5 (D.C. 1989)*]. Instructions in Chapter 16 of this volume supply language appropriate to deciding the punitive damages question. As with instructions on compensatory damages, the transitional language for the punitive damage instructions should be tailored to the case.

Civil Jury Instructions for DC
Copyright 2018, Matthew Bender & Company, Inc., a member of the LexisNexis Group.