UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HELEN KRUKAS and ANDREA KUSHIM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AARP, INC.; AARP SERVICES INC.; and AARP INSURANCE PLAN,<br><br>Defendants. | Civil Action No.: 1:18-cv-01124-BAH<br><br>Chief Judge Beryl A. Howell |

**MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Plaintiffs respectfully move for clarification of whether (1) the Court's July 19, 2021, scheduling order ("July 19 Scheduling Order") is still operative; and (2) whether the Court's July 23, 2021 order stays this action for all purposes. In the alternative, if the case is not stayed for all purposes, Plaintiffs respectfully request an extension of time to submit Rule 26 expert reply reports and an extension of time for the parties to complete expert depositions until 30 days and 60 days after the Court has rendered a decision on summary judgment, respectively. Defendants have suggested that they would agree to a stay of expert depositions and discovery set forth in the July 19 Scheduling Order but insist that Plaintiffs mush file their reply expert reports by the October 22, 2021 deadline set by the July 19 Scheduling Order.

On July 15, 2021, Plaintiffs moved the Court seeking to extend deadlines in the then operative April 14, 2021, scheduling order by 30 days. Plaintiffs established good cause based upon Defendants' relatively late production of documents, as well as various scheduling conflicts that would have made it difficult for Plaintiffs' experts and counsel to meet the July 27, 2021,

deadline to submit opening Rule 26 reports set in the April 14 scheduling order. On July 19, 2021, the Court entered a scheduling order, over Defendants' objection. The July 19 Scheduling Order, like all prior scheduling orders, provided dates for the submission of expert reports and expert discovery, followed by a summary judgment briefing schedule. Specifically, the Court set an August 27, 2021, deadline for opening expert reports, a September 24, 2021, deadline for rebuttal reports, an October 22, 2021, deadline for reply reports, a November 19, 2021, date for completion of expert depositions, a December 10, 2021, deadline for summary judgment motions and a January 22, 2022, deadline for summary judgment responses and February 22, 2022, deadline for replies.

However, three days later, on July 22, 2021, Defendants opted to file their motion for summary judgment (ECF 95) without the benefit of a Rule 26 expert report and without completing the expert discovery contemplated in the July 19 Scheduling Order. The following day, the Court issued two orders. The first order (the "July 23 Scheduling Order") provided an August 19th deadline for Plaintiffs to file their summary judgment opposition and a September 9th deadline for Defendants to file their reply, instead of the deadlines set in the July 19 Order, while staying consideration of Plaintiffs' Motion to Certify Class "upon consideration of defendants' Motion for Summary Judgment and in the interest of judicial efficiency, until the resolution of defendants' Motion for Summary Judgment." The second order (the "July 23 Stay Order"), issued later that evening, provided: "Case Stayed." The upper right-hand corner of the docket also reads, "STAYED."

Thereafter, on July 27, 2021, Plaintiffs moved for an eight-day extension, to August 27, 2021 (ECF 101)—the date previously set for opening Rule 26 expert reports in the July 19 Order—as the date to file their opposition so that they could finalize their Rule 26 expert reports

and rely on them in their opposition to Defendants' summary judgment motion. Defendants took no position on that motion. Later that day, the Court granted Plaintiffs' motion, modifying the Court's July 23 Scheduling Order and resetting the deadline for Plaintiffs to file their summary judgment opposition to August 27th and the deadline for Defendants to file their reply to September 17th (the "July 27 Scheduling Order"). Defendants did not request any further relief.

Consistent with the July 27 Scheduling Order, on August 27, 2021, Plaintiffs filed their opposition to Defendants' motion for summary judgment (ECF 103), along with reports from two experts. On September 17, 2021, Defendants filed their reply in further support of their summary judgment motion (ECF 109) without submitting their Rule 26 expert reports, thus closing the briefing on summary judgment.

Then, on September 24, 2021, Defendants' served Plaintiffs with three expert reports, apparently under the belief that the July 19 Scheduling Order was still operative, and the July 23 Stay Order was inapplicable to the deadlines set for expert reports and discovery. Under the July 19 Scheduling Order, reply expert reports are due October 22, 2021, and there is a November 19, 2021, deadline to complete expert depositions.

Plaintiffs understand the July 23 Stay Order to be a stay of the case pending the Court's summary judgment decision. Plaintiffs respectfully request that the Court provide clarification as to whether: (1) the July 19 Order is still operative and (2) whether the case is stayed for all purposes. Plaintiffs seek this clarification because they are mindful of the Court's July 23 Stay Order and the Court's desire to preserve resources.

In the alternative, if the case is not stayed for all purposes and the deadlines contained in the July 19 Scheduling Order remain in effect, Plaintiffs respectfully request an extension of time

to submit Rule 26 expert reply reports and for the parties to complete expert depositions until 30 days and 60 days after the Court has issues a decision on summary judgment, respectively.

Dated: October 4, 2021                    Respectfully submitted,

*/s/ Jason S. Rathod*
Jason S. Rathod
(D.C. Bar No. 100082)
Nicholas A. Migliaccio
(D.C. Bar No. 484366)
**MIGLIACCIO & RATHOD LLP**
412 H St. NE, Suite 302
Washington D.C. 20002
Telephone: (202) 470-3520
Facsimile: (202) 800-2730
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

Daniel E. Gustafson
Daniel C. Hedlund (Admitted *Pro Hac Vice*)
David A. Goodwin (Admitted *Pro Hac Vice*)
Brittany N. Resch
**GUSTAFSON GLUEK PLLC**
120 So. 6th St., Ste. 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dgoodwin@gustafsongluek.com
bresch@gustafsongluek.com

Kevin Landau (Admitted *Pro Hac Vice*)
Brett Cebulash (Admitted *Pro Hac Vice*)
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, New York 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
klandau@tcllaw.com
bcebulash@tcllaw.com

Scott D. Hirsch (Admitted *Pro Hac Vice*)

**SCOTT HIRSCH LAW GROUP, PLLC**
6810 N. State Road 7
Coconut Creek, FL 33073
Telephone: (561) 278-6707
scott@scotthirschlawgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing document to be served on Defendants' counsel through the Court's electronic filing system.

Dated: October 4, 2021

*/s/ Jason S. Rathod*
Jason S. Rathod

## CERTIFICATE REGARDING DUTY TO CONFER

I hereby certify that pursuant to LCvR 7 (m), Plaintiffs' counsel conferred with Defendants' counsel prior to filing this motion and Defendants oppose the motion.

Dated: October 4, 2021

*/s/ Jason S. Rathod*
Jason S. Rathod
